STOKER, Judge.
Plaintiff Terry Smith drove his vehicle off of a roadway and overturned in high weeds on the right-of-way. He became pinned within the vehicle. Although not injured in the mishap, plaintiff’s arm was pinned down and personal injury resulted because circulation in the arm was cut off for a long period of time. Plaintiff asserts that the Louisiana Department of Transportation and Development (DOTD) is responsible for the reason that the high weeds prevented his overturned vehicle from being seen causing him not to be rescued. Plaintiff does not claim that the weeds caused the vehicle to turn over — only that the weeds masked him from the view of potential rescuers.
The trial court rejected plaintiff’s demands. Plaintiff appealed. We affirm.
FACTS
The suit arises out of a one vehicle accident involving a green Datsun truck driven by Terry. On July 10, 1980, around 6:00 PM, Terry completed his seven-day hitch as roustabout in the oilfields and left Dulac, Louisiana, headed for his home in Lafayette. Before leaving Dulac Terry purchased four beers, two of which he drank there and two of which he drank on the road.
Terry was travelling west on Highway 90 which is a four-lane divided highway with a total right-of-way of 300 feet. The width of each of the two lanes of travel is twenty-four feet. The width of the median is sixty-four feet, leaving ninety-four feet on each side of the highway from the edge of the pavement to the right-of way fence. The highway is in the care and custody of DOTD.
Approximately four and one-half miles west of New Iberia, Terry's truck left the westbound lanes and entered the median. It travelled a considerable distance down the median, crossed both eastbound lanes of travel, and went off the highway beyond the south shoulder yet remaining within the right-of-way. The accident occurred around 9:00 PM and Terry’s only explanation is that he must have gone to sleep. The truck apparently turned over several times before coming to rest on its top and pinning Terry’s left arm beneath the left door. The lights and horn on the truck were inoperable after the accident.
The area where the truck came to rest was covered by grass and weeds approximately six feet high. This growth completely obscured Terry and his truck, and he remained pinned there until he was able to free himself the next morning. The injuries to Terry’s arm were caused by the loss of circulation for such an extended period of time.
The suit against DOTD is based on allegations that it was negligent in failing to observe that the high grass would obscure a vehicle overturned through an accident and in failing to mow the grass. Alternatively, plaintiff alleges that Highway 90 is in the custody and control of DOTD, and it should be held strictly liable because the overgrown grass was a defect presenting an unreasonable risk of harm to travellers.
The evidence shows that an area measuring fifty-three feet from the edge of the pavement was mowed and only the remaining forty-one feet of the right-of-way was overgrown. Terry’s truck went more than fifty-three feet off the pavement into the overgrown portion. It is not clear whether or not Terry’s truck could have been seen from the highway at night even if the grass had been mowed, but this determination is not necessary to our decision. Even if the high weeds which marked or hid the overturned truck were a cause-in-fact of plaintiff’s injury, which we doubt, the weeds were not a legal cause of the injuries.
*337 HIGH WEEDS AS LEGAL CAUSE OF THE PLAINTIFF’S INJURY
Keeping in mind the fact that the weeds did not cause plaintiff to leave the highway or cause his vehicle to overturn, we focus solely on the question of the role of the weeds in allegedly hiding the overturned truck. Assuming for the purpose of argument that the State owed a duty to the travelling public to cut the weeds, we still have the question as to whether the State breached a duty owed to the plaintiff. The State apparently admitted as a bare proposition that it owed a duty to cut the weeds. The duty breached must nevertheless have been intended to protect against the particular risk of harm to which the plaintiff was exposed. That risk as plaintiff alleges it is that his arm would suffer injury in the manner described for the reason that the weeds screened his overturned vehicle from view resulting in his not being rescued. We hold that such a risk does not fall within the scope of any duty owed to cut the weeds. In any event it would not extend to that portion of the highway beyond fifty-three feet from the edge of the highway.
Whether a tort claim for damages such as plaintiff suffered be tested under traditional negligence concepts or under strict liability (liability without fault) under LSA-C.C. art. 2317, the same inquiry must be made: Did defendant’s conduct or inaction pose an unreasonable risk of injury to others? Loescher v. Parr, 324 So.2d 441 (La.1976) and Entrevia v. Hood, 427 So.2d 1146 (La. 1983). Unreasonable risk criteria are discussed at length in the opinion in the latter case.
We are unable to conclude that plaintiff was exposed to an unreasonable risk. Plaintiff’s injury resulting from having his arm pinned down and being undiscovered because of being hidden by high weeds is not easily associated with any risk posed by high weeds growing on the highway right-of-way, especially in an area beyond a mowed strip extending fifty-three feet from the edge of the highway. While foreseeability is not the only criterion to be considered, we think it is not plausible that risk of injury from such a combination of factors would be foreseeable. Moreover, we do not think the law extends it as far as plaintiff would have it.
For the foregoing reasons the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.